UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HomePlus Insurance Agency, Inc., and
Securian Financial Group, Inc.,
Plaintiffs,

vs.

E. W. Blanch Holdings, Inc.,

Defendant.

**STIPULATION AND PROTECTIVE ORDER**

DWF/AJB
Case No.: 00-1099

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-entitled action, through their undersigned counsel, that the Court may enter an order pursuant to the following terms:

**DESIGNATION**

1. "Document" as used herein shall have all the meaning set forth in Fed. R. Civ. P. 34.

2. Any party may designate any or all documents produced or to be produced by it in connection with this litigation as "confidential" either by means of a stamp or other such marking on the document itself or by identification of a group of documents upon production as confidential.

3. Documents so designated as confidential, and all information contained therein, shall be used only for purposes of this litigation. No document, or information contained therein, shall be disclosed to any person or in any manner other than the persons and manner set forth in this Stipulation and Protective Order. Documents in a party's possession prior to production by the other party need not be treated as confidential. With respect to materials designated as "Confidential," any person indicated on the face of the documents and/or item to be its originator, author, or recipient of a copy thereof may be shown the same.

4. The undersigned counsel of record may make or cause to be made copies of confidential

FILED OCT 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

documents that are produced to them during this action. Until further order of the Court, except as provided in paragraph 12, such documents and copies, and information contained therein, and information obtained during the course of deposition discovery wherein examination is made upon confidential documents or information, and information contained in answers to interrogatories based upon such confidential documents or information (hereinafter, collectively referred to as "Confidential Documents and Information"), may be divulged by counsel only to their respective clients, current employees, partners, and to independent and/or consulting experts who are requested by counsel of record to furnish services in preparation for trial of this action, provided said persons are first provided with a copy of this Stipulation and Protective Order and certify in writing that he or she has read the Stipulation and Protective Order, understands it, and agrees to be bound thereby. The certificate shall be in the form of the Affidavit of Confidentiality provided in Exhibit "A" hereto. Confidential Documents and Information also may be divulged to attorneys, clerks, paralegal personnel, and secretaries assisting counsel in the preparation of the case, stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action, such persons as counsel shall mutually consent to in writing or on the record prior to the proposed disclosure and the Court and its staff; all of whom shall be bound by this Stipulation and Protective Order. "Attorney" as used in this paragraph includes in-house counsel for the parties.

5. All extracts and summaries of Confidential Documents and Information shall be treated as confidential in accordance with the provisions of this Stipulation and Protective Order.

6. In the event counsel for any party determines to submit to the Court for any purpose, including trial, any Confidential Documents and Information, such Confidential Documents and Information shall be submitted under seal unless the party whose Confidential Documents and

Information to be submitted has consented in writing to the disclosure or unless the Court directs otherwise.

7. Confidential Documents and Information may be used in connection with the deposition of any person without prior notice; provided, however, that counsel for the party submitting the Confidential Documents and Information may assert the protection of this order at any deposition and, if such protection is so asserted, the deponent must be advised of the terms of this order and agree on the record to abide by such terms. If the deponent refuses to abide by the terms of this order and the party submitting the Confidential Documents and Information refuses to withdraw its assertion of confidentiality, the party seeking to use the Confidential Documents and Information shall have the right to suspend the deposition and bring a motion before the Court seeking a ruling on the issue. The parties agree that the Confidential Documents and Information in question shall not be used during the deposition pending a ruling from the Court. The parties further agree that if it is determined that the party asserting confidentiality has done so in a bad faith attempt to hinder the rights of the party seeking to use the Confidential Documents and Information to obtain deposition testimony, the party seeking to use the Confidential Documents and Information shall be entitled to recover from the party asserting confidentiality its reasonable costs, including attorneys' fees, and other sanctions as the Court deems appropriate, incurred in connection with said motion, with such monetary award to be paid within ten (10) business days of the entry of the Court's order.

8. Counsel wishing to disclose Confidential Documents and Information to any person not enumerated in paragraph 4, above, shall provide in writing to all counsel of record the names and addresses of such persons at least five (5) business days prior to the disclosure of such Confidential Documents and Information. The person to whom it is proposed the Confidential Documents and

Information will be disclosed shall be provided with a copy of this Stipulation and Protective Order, shall be bound by its terms, and shall certify that he or she has read the Stipulation and Protective Order, understands it, and agrees to be bound thereby. The certificate shall be in the form of the Affidavit of Confidentiality provided in Exhibit "A" hereto. Counsel wishing to make disclosure to such person shall provide an executed copy of the certificate to all other counsel of record upon request. The party that designated the document or information as confidential shall have the right within five (5) business days after receipt of notice of the identity of a person to whom counsel wishes to disclose confidential information to apply to the Court for an order prohibiting the disclosure. The party wishing to make the disclosure shall not do so sooner than five (5) business days after providing such names, addresses, and certificate to all other counsel of record, nor during the pendency of any motion for an order prohibiting disclosure pursuant to this paragraph.

9. The parties will attempt to resolve disputes about the status or use of confidential documents on an informal basis when disputes arise. If a party objects to a confidential designation, or the effect of such a confidential designation under this Agreement, that party may move the Court (after giving ten days prior written notice of such motion to the party or person asserting the confidential treatment) for an Order changing the designated status of such material or otherwise relieving the objecting party from restrictions contained in this order. The party proponent of the confidentiality designation shall bear the burden of showing good cause to support the designation. During the interim, between the initial designation of the material by the party and the Court's determination of a timely motion, such material shall be treated as confidential.

10. At the conclusion of the trial and all appeals or other termination of the action, or upon the settlement of all issues in this lawsuit, all documents produced under the provisions of this order

(and all copies) shall be returned to the supplying party and all extracts and summaries thereof shall be destroyed. Counsel for any party may retain one copy of any and all pleadings or others papers filed in Court which contain confidential material for the purpose of any possible future dispute over alleged violations of this Agreement or over any agreement, decision, decree, or Order of judgment disposing of all or part of this action. The provisions of this order, insofar as they restrict the communication and use of the documents produced hereunder or information obtained from such documents shall, without written permission of the producing party or further order of the Court, continue to be binding after the conclusion of the action.

11. The foregoing Stipulation and Protective Order is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential documents or information; to object to the production of documents it considers to be highly confidential; to apply to the Court for an order compelling production of documents, or for modification of this Stipulation and Protective Order, or for an order permitting the disclosure of any confidential documents or information beyond the terms of this order.

12. If either party receives a subpoena, court order, discovery request in another action or other process which may require the disclosure of an opposing party's material designated as confidential, the party receiving the process shall inform opposing counsel in writing within 24 hours of receipt of the process in order to allow the opposing party to respond to the request and take whatever actions the opposing party may deem necessary to protect its interests.

13. This Stipulation and Protective Order shall be automatically extended to any affiliate of a party which hereafter becomes a party to this action.

LINDQUIST & VENNUM, P.L.L.P.

By [signature]
Thomas Pursell (12168X)
444 Cedar Street, Suite 1700
St. Paul, Minnesota 55101
Telephone: (651) 213-1300

DATED: 9/21, 2000

and

By [signature]
Garold M. Felland (28769)
400 South Robert Street
St. Paul, Minnesota 55101
Telephone: (651) 665-3738

DATED: 21 September, 2000

**ATTORNEYS FOR PLAINTIFFS**

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By [signature]
Gregory M. Weyandt (116324)
Angela M. Beranek (293143)
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612) 340-7925 / 340-8991

DATED: Sept 21, 2000

**ATTORNEYS FOR DEFENDANT**

**ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by the Court.

BY THE COURT:

DATED: 10/2, 2000

Arthur J. Boylan
U.S. Magistrate Judge

**EXHIBIT A**
**AFFIDAVIT OF CONFIDENTIALITY**

In the Case of: HomePlus Insurance Agency, Inc. and Securian Financial Group, Inc. vs. E. W. Blanch Holdings, Inc.

Case No: 00-1099

The undersigned has read the Stipulation and Protective Order pertaining to **Confidential Documents and Information** in the above-referenced action and agrees:

1. That he/she has read the Stipulation and Protection Order with respect to this matter and shall fully abide by the terms thereof;

2. That he/she shall not disclose the **Confidential Documents and Information** to or discuss the **Confidential Documents and Information** with any person who is not authorized pursuant to the terms of said Stipulation and Order to receive the disclosure thereof and who has not signed an Affidavit of Confidentiality as therein provided;

3. That he/she shall not use such **Confidential Documents and Information** for any purpose other than for the purposes of the above-referenced action; and

4. That he/she shall return all **Confidential Documents and Information** as defined by Paragraph 1 of the Stipulation and Protective Order attached within (30) days of notice of the final conclusion of this litigation to **[INSERT NAME AND ADDRESS OF COUNSEL FOR DEFENDANT OR PLAINTIFF, WHICHEVER IS APPROPRIATE].**

________________________
Name

________________________
Address

________________________

________________________

________________________
Signature

Subscribed and sworn to before me this
________ day of ____________, 2000.

________________________
Notary Public

565101

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.